UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

SANDRA COLON,

    Plaintiff

   v.                                                  Case No.: 1:14-cv-21297-MGC

NATIONSTAR MORTGAGE LLC;
FEDERAL NATIONAL MORTGAGE
ASSOCIATION; CITIMORTGAGE, INC.;
and SHAPIRO, FISHMAN & GACHE LLP,

    Defendants.

## PLAINTIFF'S STATEMENT OF CLAIMS

COMES NOW, the Plaintiff, SANDRA COLON ("PLAINTIFF"), by and through undersigned counsel, and files her Statement of Claims alleging Federal and Florida statutory violations against the Defendants NATIONSTAR MORTGAGE, LLC ("NATIONSTAR"), FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), CITIMORTGAGE, INC. ("CITIMORTGAGE"), and SHAPIRO, FISHMAN & GACHE LLP ("SHAPIRO & FISHMAN") (collectively, the "Defendants"), and as grounds thereof would allege as follows:

    Plaintiff brings this action against the Defendants for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*; Florida Statutes §§559.55-559-785, known more commonly as the "Florida Consumer Collections Practices Act" ("FCCPA"); the Truth in Lending Act ("TILA") 15 U.S.C. §1601 *et seq.* and §1641 *et seq.*; the Real Estate Settlement Practices Acts ("RESPA") 12 U.S.C. §2605 *et seq.*; the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. §227 *et seq.*; and for violations of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Florida Statutes §501.201 *et seq.*

1

The facts giving rise to these violations are set forth in detail in Plaintiff's Amended Complaint but will be summarized briefly for purposes of this Statement of Claims.

On or about February 1, 2006, Plaintiff executed a Promissory Note and Mortgage in favor of Defendant Citimortgage. Citimortgage subsequently force-placed an insurance policy on Plaintiff's property, causing unnecessary and improper charges to her escrow account. Despite crediting Plaintiff for the improper charge, Citimortgage again force-placed a policy on Plaintiff's property. Upon transferring the servicing of the loan to Nationstar, Citimortgage did not notify Nationstar of the ongoing dispute between Citimortgage and Plaintiff regarding the charges to Plaintiff's escrow account, in violation of 15 U.S.C. §1692e(8) and Florida Statute §559.72(6).

Defendant Nationstar committed several violations of the FCCPA, FDCPA, TILA, FDUPTA, RESPA, and the TCPA. Nationstar sent several false and misleading letters to Plaintiff regarding who was owed the alleged debt (the majority of these letters have been attached to Plaintiff's Amended Complaint). Nationstar also misrepresented the amount of the alleged debt by representing, through it agent Shapiro & Fishman, that the debt had been accelerated, while at the same time sending Plaintiff letters representing that the debt had not been accelerated. Nationstar claimed that it was the creditor to whom the debt was owed, but then sent Plaintiff an unendorsed note that represented Citimortgage as the creditor. Nationstar entered into a Loan Modification Agreement with Plaintiff and falsely led Plaintiff to believe that it was attempting to modify the subject loan. At the same time that the modification process was taking place, Nationstar hired Shapiro & Fishman to start debt collection activities and initiate a foreclosure action against Plaintiff.

Despite Plaintiff's requests to Nationstar to only communicate with her via mail, Nationstar made over fifty phone calls to Plaintiff's cell phone without her consent and through the use of an automated dialing system. Nationstar violated the FDCPA and FCCPA when it contacted Plaintiff

2

in connection with the alleged debt even though it knew that Plaintiff was represented by an attorney in the state foreclosure action.

Defendant Shapiro & Fishman also violated the FDCPA, FCCPA, and TILA by failing to properly respond to Plaintiff's debt validation requests, for misrepresenting the amount owed by Plaintiff, and for causing false documents to be filed in the state foreclosure proceedings (including an improperly altered Loan Modification Agreement). Fannie Mae violated TILA and the FDCPA by failing to properly respond to Plaintiff's debt validation requests, failing to notify Plaintiff that the debt had been sold to Fannie Mae, and misrepresenting the nature and amount of the alleged debt.

As a result of the foregoing violations, Plaintiff is seeking statutory and actual damages, as well as attorney's fees and costs (where permitted by statute).

Respectfully submitted this 27th day of June, 2014.

      /s/Jennie G. Farshchian, Esq.
Jennie G. Farshchian, Esq.
FL Bar No. 89793
Jurado & Farshchian, P.L.
12955 Biscayne Blvd. Suite 328
North Miami, Florida 33181
Telephone: (305)921-0440
Facsimile: (305)921-0438
Jennie@jflawfirm.com
*Attorney for Plaintiff Sandra Colon*

**CERTIFICATE OF SERVICE**

I, Jennie G. Farshchian, attorney for the Plaintiffs certify that on June 27, 2014, I served the above and foregoing Plaintiff's Statement of Claims by causing true and accurate copies of such paper to be filed and transmitted to the persons shown below via the Court's CM/ECF electronic filing system.

        s/Jennie G. Farshchian_____
        Jennie G. Farshchian, Esq.
        FL Bar No. 89793
        Email: Jennie@jflawfirm.com
        Jurado & Farshchian, P.L.
        12955 Biscayne Blvd. Suite 328
        North Miami, Florida 33181
        Telephone: (305)921-0440
        Facsimile: (305)921-0438

        Attorney for Plaintiff Sandra Colon

SERVICE LIST

Eric S. Matthews, Esq.
Jeffrey A. Trinz, Esq.
AKERMAN LLP
One Southeast Third Avenue, 25th Floor
Miami, FL 33131
Email: eric.matthew@akerman.com
Email: Jeffery.trinz@akerman.com
*Attorneys for Defendants Nationstar Mortgage, LLC and CitiMortgage, Inc.*